UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                     Case No. 1:17-cv-213

UNIVERSITY OF PITTSBURGH, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Protective Order. (ECF No. 42). Plaintiff initiated this action against the University of Pittsburgh and several individuals alleging retaliation and related state law claims. Plaintiff is proceeding in this matter as Jane Doe despite failing to obtain authorization from the Court to so proceed. Plaintiff now moves to be permitted to proceed in this matter anonymously. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and, furthermore, that **Plaintiff either amend her complaint to properly identify herself or this action be dismissed for lack of jurisdiction**.

The Federal Rules of Civil Procedure expressly require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, *Ericksen v. United States*, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("[t]he public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)"). Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See*, *e.g.*, *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005). When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging

governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter. *See Marsh*, 123 Fed. Appx. At 636-37 ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because. . .the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"). While Defendants have not expressed any objection to Plaintiff proceeding anonymously, the Court nevertheless has an obligation to address the matter given that it affects the Court's jurisdiction.

On September 7, 2017, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. Plaintiff responded by submitting a Motion for Protective Order in which she asserts that she should be permitted to proceed anonymously. (ECF No. 42). A review of Plaintiff's pleadings and the aforementioned factors weighs heavily against permitting Plaintiff to prosecute her claims anonymously.

While Plaintiff is suing a state university and several employees thereof, Plaintiff is not challenging "governmental activity." *See, e.g., G.E.G. v. Shinseki*, 2012 WL 381589 at *2 (W.D. Mich., Feb. 6, 2012) (in rejecting a request to proceed anonymously, the court noted that this factor applies to circumstances in which a plaintiff is "challenging the constitutional, statutory or regulatory validity of governmental activity"). Here, Plaintiff merely alleges tortious conduct against state employees. Thus, this factor weighs against Plaintiff's request.

As for the second factor, whether prosecution of the action will compel Plaintiff to disclose information "of the utmost intimacy," such likewise weighs against Plaintiff's request. This factor concerns "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Ibid.* While Plaintiff asserts that prosecution of this case will compel her to "reveal intimate information about herself, as well as some of her friends and family members," Plaintiff offers nothing beyond vague conclusions. While certain allegations and causes of action might reasonably imply that prosecution of such will reveal sensitive information, such is not the case presently. While not to make light of Plaintiff's allegations, this case does not concern the types of sensitive and personal matters identified above, but instead concerns allegations of retaliation that impeded Plaintiff's ability to obtain a job in academia. Furthermore, to the extent that prosecution of this matter would require Plaintiff to produce sensitive information, such as her medical records, Plaintiff can request that such records be submitted to the Court under seal pursuant to Local Rule of Civil Procedure 10. Accordingly, this factor weighs against Plaintiff's request. The final two factors both weigh against Plaintiff's request as neither are applicable to Plaintiff's circumstance.

## CONCLUSION

In sum, consideration of the relevant factors weighs against Plaintiff's request to proceed anonymously. Accordingly, the undersigned recommends that <u>Plaintiff's Motion for Protective Order</u>, (ECF No. 42), be **denied**. The undersigned further recommends that **if Plaintiff fails to amend her complaint, to identify herself by her legal name, within twenty-one (21) days after the adoption of the aforementioned recommendation, that this matter be dismissed for lack of jurisdiction.**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                      Respectfully submitted,

Date: January 12, 2018                               /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge