UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

UNIVERSITY OF PITTSBURGH, et al.,

    Defendants.

_____/

Case No. 1:17-cv-213

HON. JANET T. NEFF

## OPINION AND ORDER

This matter is before the Court on Plaintiff's pro se objections (ECF No. 51) to the Magistrate Judge's Report and Recommendation (R&R), recommending that this Court deny Plaintiff's Motion for Protective Order. No responses to the objections have been filed by Defendants. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

I

On March 6, 2017, Plaintiff, proceeding pro se, filed this action against the University of Pittsburgh; five other named Defendants, described as faculty of the University of Pittsburgh; and John Does 1–7 (ECF No. 1). On March 9, 2017, pursuant to 28 U.S.C. § 636 and W.D. Mich. LCivR 72, the case was referred to the Magistrate Judge for handling of all non-dispositive matters under § 636(b)(1)(A) and for submission of recommendations on dispositive motions under

§ 636(b)(1)(B) (ECF No. 3). On April 27, 2017, Plaintiff filed a First Amended Complaint (ECF No. 8), in which she alleges the following two claims:

Count One: First Amendment Retaliation Claim
Count Two: Pennsylvania Constitution Article One, Section One Claim

On September 28, 2017, Plaintiff filed a Motion for Protective Order (ECF No. 42), seeking to be permitted to proceed in this matter under the pseudonym of "Jane Doe." The Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's motion be denied and, furthermore, that Plaintiff file an amended complaint to properly identify herself or this action be dismissed for lack of jurisdiction.

## II

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff does not dispute that allowing a party to proceed under a pseudonym is the exception and not the rule. The general rule, provided in Federal Rule of Civil Procedure 10(a), is that a complaint "must name all the parties." Plaintiff also agrees that in determining whether an exception to the general rule is justified, a court must determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *See D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Last, Plaintiff does not dispute that in making this determination, a court may consider, among others, the following four factors: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a minor (R&R, ECF No. 50 at PageID.307-308, quoting *Doe v. Porter*, 370 F.3d at 560). There is no dispute that the third

and fourth factors do not weigh in favor of anonymity in this case. Plaintiff's objections concern only the Magistrate Judge's analysis of the first two factors.

Regarding the first factor, Plaintiff asserts that it is "clear" that she is challenging governmental activity inasmuch as she is alleging that "defendants have violated her constitutional rights and rights that are secured under federal and state law" (Objs., ECF No. 51 at PageID.313-314). The Magistrate Judge, however, posited that "Plaintiff merely alleges tortious conduct against state employees" (R&R, ECF No. 50 at PageID.308).

The distinction drawn by the Magistrate Judge has support in the case law. Courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity "seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("*Wynne & Jaffe*") (explaining that actions "challenging the constitutional, statutory or regulatory validity of government activity" generally "involve no injury to the Government's 'reputation'")). *See, e.g., Doe v. North Carolina Cent. Univ.*, No. 1:98-cv-1095, 1999 WL 1939248, at *4 (M.D. N.C. Apr. 15, 1999) (denying plaintiff's request to proceed anonymously in a suit against a state university where the plaintiff was not seeking to have a law or regulation declared invalid).

However, even assuming arguendo that Plaintiff satisfied the first factor, the first factor is not dispositive. "The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). *See also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("*Wynne & Jaffe* does not stand, however, for the proposition that there is more reason to grant a plaintiff's

3

request for anonymity if the plaintiff is suing the government."). Moreover, Plaintiff named not only the university but also several individuals, and the "mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm," *Wynne & Jaffe*, 599 F.2d at 713. *See, e.g., Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (finding the governmental activity factor to weigh against permitting anonymity where the plaintiff sued both the school district and individuals employed by the school district). The first consideration alone is insufficient to outweigh compliance with the federal rules of civil procedure and the presumption in favor of open judicial proceedings.

Turning then to the second factor, Plaintiff argues that the Magistrate Judge erred in determining that her case does not concern sensitive or personal matters (Objs., ECF No. 51 at PageID.314). Plaintiff asserts that she and her friends and family members would experience "annoyance or embarrassment" if the details of her case were disclosed (*id.* at PageID.314). Further, Plaintiff opines that "the issues the plaintiff is challenging through the lawsuit could be made worse by revealing her identity, and disclosing her identity could place her at a disadvantage in employment-related situations" (*id.* at PageID.319-320). Plaintiff's argument lacks merit. In the Court's view, concerns about annoyance, embarrassment, economic harm and scrutiny from current or prospective employers do not involve information "of the utmost intimacy"; rather, they constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names.

In sum, Plaintiff's objections fail to demonstrate any factual or legal error by the Magistrate Judge that would warrant rejecting the Magistrate Judge's determination that this case simply does not present the exceptional circumstances necessary to remove it from the general rule requiring that a plaintiff's complaint "must name all the parties." Therefore, the Court, in its discretion and

4

consistent with the Magistrate Judge's recommendation, will deny Plaintiff's motion and require Plaintiff to file a Second Amended Complaint to properly identify herself in compliance with FED. R. CIV. P. 10(a), or this action will be dismissed for lack of jurisdiction. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 51) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (ECF No. 42) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff shall, <u>not later than April 4, 2018</u>, file a Second Amended Complaint to properly identify herself, or this action will be dismissed for lack of jurisdiction.

Dated: March 14, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge